IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:19-cr-00171

DANIEL ALBERTO LOPEZ-AJQUI

RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND
REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on July 10, 2019, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A:  Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.  [Fed. R. Crim. P. 16(a)(1)(A)]**

**Response:**  On June 11, 2019, defendant was encountered by special agents with ICE – ERO. ICE agents spoke to defendant at the scene and conducted a field interview to determine alienage. Defendant admitted he was in the United States illegally, was a citizen and native of Guatemala, had no paperwork supporting his legal presence, and had two prior removals from the United States.

He was arrested administratively and taken into custody. Defendant declined to give a formal statement.

Defendant has also given prior statements and signed documents where he admitted he was in the United States illegally and agreed to removal proceedings. These statements are documented in materials provided with this response and may be used by the United States in its case-in-chief.

**Request B:  Disclose to defendant and make available for inspection, copying or photographing, all of the following:**

**(i)   Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows-- or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]**

**Response:**  *See* Response A.

**(ii)   The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent.  [Fed. R. Crim. P. 16(a)(1)(B)(ii)]**

**Response:**  *See* Response A.

**(iii)  The defendant's recorded testimony before a grand jury relating to the charged offense.  [Fed. R. Crim. P. 16(a)(1)(B)(iii)]**

**Response:**  Not applicable.

**Request C:  Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent;**

or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.   [Fed. R. Crim. P. 16(a)(1)(C)]

    **Response:**  Not applicable.

    **Request D:**  Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists.   [Fed. R. Crim. P. 16(a)(1)(D)]

    **Response:**  Defendant's criminal history is included in the A-File.

    **Request E:**  Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant.   [Fed. R. Crim. P. 16(a)(1)(E)]

    **Response:**  No objection to this request.   Enclosed please find 128 bates pages of discovery, containing the A-File in the criminal case.   The United States notices its intent to introduce prior deportation documents to prove alienage pursuant to Federal Rules of Evidence 902(11) and (13), including defendant's prior Warrant of Removal and Reinstatement Order.

    **Request F:**  Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use

3

the item in its case-in-chief at trial.  [Fed. R. Crim. P. 16(a)(1)(F)]

   **Response:**  No objection to this request.


   **Request G:  Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

   **Response:**  The defendant's fingerprints were sent to the Department of Homeland Security for a forensic examination. Senior Fingerprint Specialist Kevin FitzGerald will testify to a reasonable degree of expert certainty that fingerprint impressions 1.1 through 1.3 and 1.7 were made by the same individual. This is consistent with his expert findings, reduced to writing and included herein. The curriculum vitae of Mr. FitzGerald is forthcoming.


   **Request H:  Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

   **Response:**  The United States is unaware of any such evidence. Fingerprints 1.4 – 1.6 were not of sufficient clarity to match per

the expert, though defendant's name and signature are also on the documents.

**Request I:  Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response:**  The United States is unaware of any such evidence.

**Request J:  Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.**

**Response:**  Not applicable.

**Request K:  Disclose to defendant any matter as to which the government will seek judicial notice.**

**Response:**  The United States will seek judicial notice that Ripley, Jackson County, West Virginia is within the Southern District of West Virginia.

**Request L:  Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial.  For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.**

**Response:**  Not applicable.

**Request M:  Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.**

**Response:**  The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

<u>REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY</u>

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney

By:  s/Erik S. Goes
     ERIK S. GOES
     Assistant United States Attorney
     WV State Bar No. 6893
     300 Virginia Street, East
     Room 4000
     Charleston, WV  25301
     E-mail:  erik.goes@usdoj.gov

6

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 22nd day of July, 2019, to:

> Tim Lafon
> CICCARELLO DELGUIDICE & LAFON
> 1219 Virginia Street, East
> Suite 100
> Charleston, WV 25301

> <u>s/Erik S. Goes</u>
> ERIK S. GOES
> Assistant United States Attorney
> WV State Bar No. 6893
> 300 Virginia Street, East
> Room 4000
> Charleston, WV  25301
> Telephone:  304-345-2200
> Fax:  304-347-5104
> E-mail:  <u>erik.goes@usdoj.gov</u>